Kelly W. Cunningham, Esq., No. 186,229
  *kcunningham@cislo.com*
C. Wook Pak, Esq., No. 244,780
  *wpak@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, California 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff
Tile Tech, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TILE TECH, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> APPIAN WAY SALES, INC., a Washington corporation; and PUGET LITE-PAVERS, INC., a Washington corporation, <br><br> Defendants. | Case No. ___ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **[DEMAND FOR JURY TRIAL]** |

For its complaint, Plaintiff Tile Tech, Inc. alleges as follows:

### I.  PARTIES

1.  Plaintiff Tile Tech, Inc. (hereinafter "Plaintiff" or "Tile Tech") is a corporation organized under the laws of the State of California having a place of business at 11693 San Vicente Blvd., Suite 708, Los Angeles, California 90049.

1

2. Upon information and belief, Defendant Appian Way Sales, Inc. (hereinafter "Appian Way") is a corporation organized under the laws of the State of Washington having a principal place of business at 15901 Woodinville-Redmond, Road NE, Woodinville, Washington 98072.

3. Upon information and belief, Defendant Puget Lite-Pavers, Inc. (hereinafter "Puget") is a corporation organized under the laws of the State of Washington having a place of business at 309 South Cloverdale St., C34, Seattle, Washington 98108.

4. Plaintiff reserves the right to amend this complaint to name additional defendants if and when they have been ascertained.

5. The above-named defendants may be collectively referred to herein as "Defendants."

## II. JURISDICTION AND VENUE

6. This action is for patent infringement of U.S. Patent No. 9,410,296 ("the '296 patent") under the Patent Act, and in particular, 35 U.S.C. §§ 271 and 281. Therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1338(a). Attached hereto as **Exhibit 1** is a true and correct copy of the '296 patent.

7. This Court has personal jurisdiction over Appian Way as it conducts business within this State through its website. Appian Way's website admits that it has sold and serviced facilities located within the jurisdiction of the Central District of California, such as St. John's Hospital in Santa Fe, California, the Crystal Cathedral in Garden Grove, California, and the Thompson Hotel in Beverly Hills, California, by providing and installing the Diamond Head™ Series AWS™ pedestal system. Attached hereto as **Exhibit 2** is a true and correct copy of the "Projects" page on Appian Way's website found at: http://appianwaysystem.com/projects/ (accessed May 10, 2017).

8. This Court has personal jurisdiction over Puget in that, on information and belief, Puget, is the exclusive distributor of Appian Way. As such, Puget has sold and distributed the Diamond Head™ Series AWS™ pedestal system in this judicial district, by selling to facilities located within the jurisdiction of the Central District of California, such as St. John's Hospital in Santa Fe, California, the Crystal Cathedral in Garden Grove, California, and the Thompson Hotel in Beverly Hills, California. Attached hereto as **Exhibit 3** is a true and correct copy of the "Contact" page on Appian Way's website identifying Puget as the distributor.

9. Puget's own website also states that it is the distributor of the "AWS trademark Pedestal Systems." Attached hereto as **Exhibit 4** is a true and correct copy of Puget's "Home" page and "Pedestal System" page found at: http://www.pugetlitepavers.com/ (accessed May 10, 2017).

10. The "Pedestal System" page of Puget's website describes the Diamond Head™ series of pedestals that Puget sells.

11. Additionally, Defendants have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 in this judicial district, and places accused products into the stream of commerce, with the knowledge and understanding that such products are used, offered to be sold, and/or sold in the State of California, including in this judicial district with the purpose of practicing the asserted patent.

12. Venue is proper in this judicial district as to the Defendants pursuant to 28 U.S.C. § 1391(b)(2) and §1400(b) in that a substantial portion of the acts and omissions giving rise to the asserted claims occurred in this judicial district. In addition, pursuant to 28 U.S.C. §§ 1391(b)(1) and (d), Defendants are subject to personal jurisdiction in this judicial district because they regularly engage in business in this judicial district.

### III. FACTUAL ALLEGATIONS

13. Tile Tech is a manufacturer and seller of apparatuses related to paving subsurfaces. These apparatuses provide a quick and easy way to modularly elevate an array of pavers on a subsurface so as to provide a smooth flat surface above the subsurface.

14. The inventor of this apparatus, Ramin Tabibnia, filed a number of patent applications with the United States Patent and Trademark Office ("USPTO") for various embodiments of his invention, and after patent examination, the USPTO has awarded Mr. Tabibnia several patents, including, the '296 patent.

15. At all times relevant to the present action, the '296 patent has been and is owned by Mr. Tabibnia, valid and active, and fully enforceable against the Defendants.

16. Mr. Tabibnia has been selling and distributing paver array supporting components covered under the '296 patent via an exclusive license agreement with Tile Tech.

17. The exclusive license agreement grants Tile Tech the exclusive right to make, use, sell, and offer to sell the patented components, as well as the right to sublicense its rights, and the right to sue under the '296 patent, among other rights. No other person or entity has been granted permission by Mr. Tabibnia or Tile Tech to make, use, sell, or offer to sell any products covered under the '296 patent.

18. The '296 patent, entitled "Apparatus and Related Methods of Paving a Subsurface," issued on August 9, 2016, and claims a priority date of August 1, 2012, which is the date Mr. Tabibnia filed the parent utility patent application (now, U.S Patent No. 8,850,753, and hereinafter "the '753 patent") with the USPTO first disclosing the component covered by the '296 patent. At least Figures 16A and 16B and the related written description of the '753 patent fully disclose each and every limitation claimed in at least independent claims 1 and 8 of the '296 patent;

4

therefore, at least claims 1 and 8 of the '296 patent benefits from the filing date of at latest August 1, 2012.

19. Tile Tech has learned, through firsthand knowledge as well as by reference to certain advertising on Defendants' respective websites that Defendants make, use, offer for sale, and sell components that infringe the '296 patent (the "accused products"). Tile Tech attaches hereto as **Exhibit 5** a brochure accessible from Appian Way's website showing the accused products, such as the AWS™ Pedestal System, and in particular, the Diamond Head™ Series.

20. Puget's website advertises that the accused products were newly introduced by Puget Lite since 2014, which is after the priority date of the '296 patent. Attached as **Exhibit 6** is a true and correct copy of a various screen shots from Puget's "Home" page at different times due to the changing image on the home page.

21. Appian Way discloses the full schematics of the accused product on its website at: http://appianwaysystem.com/dev/wp-content/uploads/2015/04/Adjustable-Pedestal-Drawings.pdf (accessed May 10, 2017). A true and correct copy of the schematics is attached hereto as **Exhibit 7**.

22. Upon close inspection of the content and images disclosed by Appian Way through its website advertising, it is evident that the accused product infringes the '296 patent.

23. Specifically, by way of example only, Tile Tech reproduces below claim 1 of the '296 patent and compares it to the accused product.

> 1. A paver array supporting component, said component comprising:
>    a. a femininely threaded support cylinder;
>    b. a riser socket around the support cylinder;
>    c. foot; and
>    d. an outer cylindrical wall projecting perpendicularly upwardly
>       from the foot, the outer cylindrical wall concentrically arranged
>       about and spaced from the femininely threaded support cylinder
>       to define the riser socket.

5

24. As shown above, claim 1 of the '296 patent first recites "a femininely threaded support cylinder." As shown on pages 1-3 of **Exhibit 7**, the accused product has a femininely threaded support cylinder as shown by the innermost cylinder having a cylindrical wall with inner threads defining a hole. Therefore, this element of claim 1 of the '296 patent literally reads on the accused product.

25. Next, claim 1 recites, "a riser socket around the support cylinder." As shown on pages 1-3 of **Exhibit 7**, concentrically arranged about the femininely threaded support cylinder is a second wall. In between the second wall and the femininely threaded support cylinder is a gap that defines the riser socket. Because the second wall surrounds the femininely threaded support cylinder, the riser socket inherently goes around the support cylinder. This element of claim 1 of the '296 patent, therefore, literally reads on the accused product.

26. Next, claim 1 recites, a "foot." As shown on pages 1-3 of **Exhibit 7**, the accused product has a wide flat base that provides support for the femininely threaded support cylinder and the second wall. As such, the flat base is the foot. This element of claim 1 of the '296 patent, therefore, literally reads on the accused product.

27. Next, claim 1 recites, "an outer cylindrical wall projecting perpendicularly upwardly from the foot, the outer cylindrical wall concentrically arranged about and spaced from the femininely threaded support cylinder to define the riser socket." As shown on pages 1-3 of **Exhibit 7**, and described above, the accused product has a second wall concentrically arranged about the femininely threaded support cylinder. In addition, the second wall projects perpendicularly upwardly from the foot. As such, this second wall is the outer cylinder. Furthermore, the outer cylinder is shown concentrically arranged about and spaced from the femininely threaded support cylinder to define the riser socket. This element of claim 1 of the '296 patent, therefore, literally reads on the accused product.

28. In addition, page 1 of **Exhibit 7** shows the riser recited in claims 2, 4, and 5 of the '296 patent in the configuration claimed; therefore, these claims literally read on the accused product.

29. Pages 2 and 4 of **Exhibit 7** show the second component or the male threaded insert recited in claims 3 and 6 of the '296 patent; therefore, these claims literally read on the accused product.

30. **Exhibit 5** and page 3 of **Exhibit 6** show a paver being supported by the male threaded insert as recited in claim 7 of the '296 patent; therefore, this claim literally reads on the accused product.

31. By way of example only, and without waiving any right to assert infringement of any other product, or any other claim of the '296 patent either directly or indirectly, Tile Tech attaches hereto as **Exhibit 8** a claim chart showing in greater detail and demonstrating that the accused product meets all of the limitations of claims 1-22 of the '296 patent.

32. By way of example only, and without waiving any right to assert infringement of any other product, or any other claim of the '296 patent either directly or indirectly, Tile Tech attaches hereto as **Exhibit 9** a claim chart showing in greater detail and demonstrating how an actual accused product manufactured by Appian Way meets all of the limitations of claims 1, 6, 7, 8, 16, and 17 of the '296 patent.

33. Tile Tech and Mr. Tabibnia have not licensed or otherwise authorized any of the Defendants (or its dealers, customers, affiliates, or the like) to make, use, sell, or offer to sell the accused product or any other product that falls within the scope of any of the claims of the '296 patent.

34. Upon information and belief, Appian Way manufactures and sells the accused products to Puget, and potentially others. Upon information and belief, Puget sells and/or leases the accused products to various end-user companies and facilities, which then use the accused product in precisely the manner and

7

configuration as covered by the '296 patent.

35. Upon information and belief, Puget installs the accused device for their customers. Therefore, Defendants' manufacture, sales and installation further causes their customers to infringe the '296 patent by using the accused device.

36. The accused device is only used to support pavers.

37. Upon information and belief, Appian Way has known about the '296 patent since at least September 19, 2016 when Tile Tech sent a letter to Appian Way and Puget regarding the AWS Diamond Head pedestal infringing the '296 patent, and Appian Way has not altered its product and has not stopped its marketing, conduct or dealings with respect to the accused product since first learning of the '296 patent and scope. A true and correct copy of the September 19, 2016 letter is attached hereto as **Exhibit 10**. As such, Defendants' infringement of the '296 patent has been and will continue to be willful.

## IV. COUNT I – PATENT INFRINGEMENT
## (35 U.S.C. § 271(a))

38. Tile Tech hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 37 above.

39. This claim is against all Defendants, and each of them, for patent infringement under 35 U.S.C. §§ 101 *et seq.*, including specifically, § 271(a).

40. The '296 patent (see, **Exhibit 1** attached hereto) has at all relevant times subsequent to its issue date been fully enforceable and is now fully enforceable.

41. Subsequent to the issuance of the '296 patent, Defendants have infringed, literally and/or under the doctrine of equivalents, the '296 patent by making, using, importing, offering to sell, and/or selling, and continuing to make, use, import, offer to sell and/or sell the accused products, which come within the scope of at least one claim of the '296 patent.

42. The making, using, importing, offering to sell, and/or selling of the accused products by Defendants, and/or contributing to and/or inducing the infringing activities of others, has been without authority or license from Tile Tech or Mr. Tabibnia and is in violation of Tile Tech's exclusive rights to the '296 patent under an exclusive license agreement, thereby infringing the '296 patent.

43. Upon information and belief, Tile Tech alleges that Defendants' foregoing infringing acts have been with full knowledge of Tile Tech's rights and interests, thereby constituting willful patent infringement.

44. Tile Tech has been damaged by Defendants' acts as alleged in this complaint, and Defendants have improperly profited thereby. Defendants are therefore liable for money damages pursuant to 35 U.S.C. § 284 to Tile Tech from at least as early as August 9, 2016. Tile Tech is entitled to a complete accounting of all revenue derived by Defendants from the unlawful conduct alleged herein in order to determine the full amount of money damages which Tile Tech has suffered due to Defendants' acts of infringement, with Tile Tech being entitled to damages adequate to fully compensate it for the infringements.

45. The harm to Tile Tech arising from Defendants' acts of infringement of the '296 patent is not fully compensable by money damages. Rather, Tile Tech has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which will continue unless Defendants' conduct is enjoined. Defendants must therefore be enjoined and deterred from any further violations of Tile Tech's rights in the '296 patent through a permanent injunction.

46. Defendants should also be required to pay Tile Tech's attorneys' fees, expenses, and costs for their willful and blatant disregard of Tile Tech's patent rights.

///

///

///

## V.     COUNT II – INDUCED PATENT INFRINGEMENT
## (35 U.S.C. § 271(b))

47.     Tile Tech hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 46 above.

48.     This claim is against Appian Way and Puget and each of them for induced patent infringement under 35 U.S.C. §§ 101 *et seq.*, and specifically, § 271(b).

49.     Subsequent to the issuance of the '296 patent, and the notice to the Defendants on September 19, 2016, Defendants continued to infringe the '296 patent by inducing others and continue to induce others to use, offer for sale, and/or sell the accused products, which come within the scope of at least one claim of the '296 patent, including through Defendants' installation and advertisement of the accused product.

50.     Attached hereto as **Exhibit 11** is a screenshot of a portion of Appian Way's "Home" page.  The home page displays a video demonstrating how to assemble and use the accused product. See, http://appianwaysystem.com/.  This video demonstration teaches others how to assemble and use the accused product in a manner that infringes the '296 patent.

51.     As shown in **Exhibits 5-9**, parts that are sold together as the accused product include all of the necessary parts for full assembly as recited in the claims of the '296 patent to use the accused product in a manner described in the '296 patent.

52.     By providing all the parts and means for full assembly of the accused product and by displaying in advertisements and instructional videos, including on its website, the accused product fully assembled, Appian Way and Puget are actually inducing others, and customers to make, use, offer for sale, and/or sell the accused product fully assembled.

53.     Upon information and belief, Defendants have been so inducing others

10

with full knowledge of the '296 patent, thereby constituting willful patent infringement.

54. Tile Tech has been damaged by Defendants' acts of induced infringement as alleged herein, and Tile Tech is therefore entitled to damages adequate to fully compensate it for the inducement of patent infringement.

55. The harm to Tile Tech arising from Defendants' induced infringement of Tile Tech's '296 patent is not fully compensable by money damages. Rather, Tile Tech has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which will continue unless Defendants' conduct is enjoined.

56. Tile Tech is, therefore, also entitled to a preliminary injunction, to be made permanent on entry of the judgment, preventing Defendants from further acts of inducing infringement.

## VI. COUNT III – CONTRIBUTORY PATENT INFRINGEMENT (35 U.S.C. § 271(c))

57. Tile Tech hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 56 above.

58. This claim is against Defendants for contributory patent infringement under 35 U.S.C. §§ 101 *et seq*., including specifically, § 271(c). Subsequent to the issuance of the '296 patent, and the notices to the Defendants, including on September 19, 2016, Defendants have contributed to the infringement of the '296 patent by others by making, using, importing, offering to sell, and/or selling, and continuing to make, use, import, offer to sell and/or sell all of the necessary parts of the accused products as a single package, and providing instructions, including video instruction on Appian Way's website, on how to fully assembled the accused product in a manner that infringes the '296 patent.

59. As shown in at least **Exhibit 7**, Defendants provide a package that

contains, *inter alia*, a pedestal system comprising a pedestal that meets the limitations of the component of claim 1 and 8; a PVC pipe that meets the limitation of the riser of claims 2, 4, 5, 15, and 18; a head that meets the limitations of the second component or the male threaded insert of claims 3, 6, 7, 13, 14, 16, 17; and a buffer pad that meets the limitations of the compensation pad recited in claims 9-12 and 19-22.

60. Defendants use the parts they provide to assemble the parts to create the accused product or have others (such as Hornstein Roofing & Waterproofing) assemble the parts to create the accused product. Defendants' websites also provide photographs and instructions, including video instructions, that only result in the assembly of the accused product.

61. The parts of the accused product do not have any substantial non-infringing use. Rather, when provided, the components of the accused product can only be assembled to infringe the '296 patent.

62. As such, Defendants contributorily infringe the '296 patent by providing components that can only be assembled together and when assembled together directly infringe the '296 patent.

63. Upon information and belief, Tile Tech alleges that Defendants' foregoing contributorily infringing acts have been with full knowledge of Tile Tech's rights and interests, thereby constituting willful patent infringement.

64. Tile Tech has been damaged by Defendants' contributory acts of infringement as alleged in this complaint, and Tile Tech is entitled to a complete accounting of all revenue derived by Defendants from the unlawful conduct alleged herein in order to determine the full amount of money damages which Tile Tech has suffered due to Defendants' acts of infringement, with Tile Tech being entitled to damages adequate to fully compensate it for the contributory infringements.

65. The harm to Tile Tech arising from Defendants' contributory acts of infringement of Tile Tech's '296 patent is not fully compensable by money

damages. Rather, Tile Tech has suffered and continues to suffer irreparable harm which has no adequate remedy at law and which will continue unless Defendants' conduct is enjoined.

66. Tile Tech is therefore also entitled to a preliminary injunction, to be made permanent on entry of the judgment, preventing Defendants from further acts of contributory infringement.

## V. PRAYER FOR RELIEF

WHEREFORE, Tile Tech demands judgment against Defendants, jointly and severally, as follows:

A. A finding that Defendants have directly infringed the '296 patent.

B. A finding that Defendants have induced infringement of the '296 patent.

C. A finding that Defendants have committed contributory infringement of the '296 patent.

D. For an order preliminarily and permanently enjoining Defendants, and their officers, directors, agents, servants, attorneys, affiliates, and employees and all other persons acting in concert with them from committing any further acts of infringement (direct or indirect), including but not limited to, manufacturing, using, importing, offering to sell, and selling the accused product (or products colorably similar thereto), or aiding or abetting or assisting others in such infringing activities;

E. For an order seizing and impounding all accused products and all manufacturing supplies in Defendants' possession or control;

F. For an order directing Defendants to file with this Court and to serve on Tile Tech within thirty (30) days after service on Defendants of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have

complied with and are continuing to comply with the injunction and order of this Court;

G. For a judgment to be entered for Tile Tech against Defendants awarding damages adequate to fully compensate Tile Tech for the infringement;

H. For a judgment awarding to Tile Tech pre-judgment and post-judgment interest until the award is fully paid;

I. For a judgment that Defendants have willfully and deliberately infringed Tile Tech's patent rights, such that it is determined that this is an exceptional case entitling Tile Tech to enhanced damages under the Patent Laws of the United States;

J. For an award to Tile Tech of costs, expenses, and attorneys' fees, incurred in bringing this action under the Patent Laws of the United States; and,

K. For such other and further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted:

CISLO & THOMAS LLP

Dated: August 2, 2017       By:   /s/Kelly W. Cunningham
                                   Kelly W. Cunningham, Esq.
                                   C. Wook Pak, Esq.

                                   Attorneys for Plaintiff
                                   Tile Tech, Inc.

T:\16-32076\Complaint for patent infringement against Appian Way and Puget Lite.docx

## **DEMAND FOR JURY TRIAL**

Tile Tech hereby demands a trial by jury on all issues raised by the Complaint so triable.

                                            Respectfully submitted:

                                            CISLO & THOMAS LLP

Dated: August 2, 2017          By:    /s/Kelly W. Cunningham
                                                          Kelly W. Cunningham, Esq.
                                                          C. Wook Pak, Esq.

                                                          Attorneys for Plaintiff
                                                          Tile Tech, Inc.

## **VERIFICATION**

1. I am President of Tile Tech, Inc., the Plaintiff in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

2. I have read the foregoing document, Complaint for Patent Infringement, and know its contents.

3. I am informed and believe and on that ground allege that the facts stated in the foregoing document are true. The factual matters as stated in the foregoing document are true of my own knowledge, except as to those matters which are stated upon information and belief, and as to those matters, I believe them to be true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of August, 2017 at _____, California.

Tile Tech, Inc.

_____
Ramin Tabibnia, President

T:\16-32076\Complaint for patent infringement against Appian Way and Puget Lite.docx